BENJAMIN P. TOWNSEND *vs.* JOHN T. TOWNSEND.

SAME *vs.* JOHN T. TOWNSEND.

Though this court, in the exercise of equitable powers, and to prevent the abuse of its process, will to a certain extent inquire into the consideration of a judgment; it will not in general let parties into an investigation here which belongs more appropriately to chancery.

NEW CASTLE, May term, 1848. Townsend *vs.* Townsend; judgment dated September 9, 1844; real debt $1,054 37; and judgment October 31, 1845; real debt $975 00.

On motion of *Mr. Gray* and affidavit filed, rule to show cause why the above judgment should not be opened and the defendant let into a trial.

The affidavit stated that the judgments were founded on bonds and warrants, for which there was no consideration beyond $600; that they were executed ignorantly by the defendant, on the pursuasion of the plaintiff, and in confidence that they would not be used to his injury; that the plaintiff refuses to come to a settlement, though defendant has delivered him grain since the execution of the bonds enough to pay what is due on them; and that in the execution of the bonds he was imposed on by the plaintiff.

On the hearing the court discharged the rule, because no reason was shown at present for this interference in behalf of a party who had voluntarily given the bonds of which he now complains; but which there was no present effort to enforce by execution process.

The court has an equitable power of inquiring into the consideration or amount due on a judgment, under certain circumstances; but not under all circumstances. That is the business and jurisdiction of the Court of Chancery. This affidavit and motion amount to a bill in equity, and it is founded on the usual grounds of equity jurisdiction, fraud and want of consideration.

It may be, that the court will interfere to prevent the unjust use of its powers in execution of a judgment fraudulently obtained, or upon which there is nothing due, by reason of payments or acts subsequent to the judgment.

But here is no such ground. The judgments exist on the dockets of the court; they are there by the act of the defendant, under his seal, which he is not permitted to deny in a court of law. There is no attempt at present to enforce these judgments by the process of this court; there is no allegation of payment; and the applica-

tion to this court is merely to set aside these judgments, on the ground of fraud and imposition in the original making of the bonds, which is the subject of equity jurisdiction elsewhere.

*Mr. Gray*, for the motion.

*Mr. Rogers*, contra.